IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**v.**                    **Case No. 4:18-cr-00234 KGB**

**ZACHARY DAINE BAUER**                                         **DEFENDANT**

**ORDER**

Before the Court is defendant Zachary Daine Bauer's *pro se* motion for compassionate release (Dkt. No. 58). The government responded in opposition (Dkt. No. 61). Mr. Bauer replied (Dkt. No. 62). For the following reasons, the Court denies Mr. Bauer's motion for compassionate release (Dkt. No. 58).

**I.**      **Background**

On July 30, 2019, Mr. Bauer pled guilty to possession of counterfeit money (Dkt. No. 44). On February 13, 2020, this Court sentenced Mr. Bauer to 37 months of imprisonment in the Bureau of Prisons ("BOP") (Dkt. No. 56).

In the pending motion, Mr. Bauer states that he should be granted compassionate release and relies primarily on the risks of contracting COVID-19 in an institutional setting. Mr. Bauer states that he has been diagnosed with hypertension, addiction, and mental health issues (Dkt. No. 58, at 1). Further, he cites the conditions he has faced while incarcerated in support of his motion (*Id.*, at 2). The government does not contest this Court's jurisdiction to resolve the motion. Instead, the government argues that compassionate release is not warranted in this case (Dkt. No. 61).

**II.**      **Discussion**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release"

provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Bauer seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Bauer's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582).  For the following reasons, the Court denies Mr. Bauer's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for

extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered

partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

In support of his motion, Mr. Bauer states that he has been diagnosed with hypertension, addiction, and mental health issues.  The government indicates that Mr. Bauer is not on medication for hypertension and has never previously needed treatment for that condition, although he does have a history of hypertension (Dkt. No. 61, at 4).  Mr. Bauer disputes this representation in his reply, stating that he receives care now (Dkt. No. 62, at 1-2).  Further, the government represents that Mr. Bauer tested positive for COVID-19 in May 2020 but that there is no indication Mr. Bauer reported experiencing symptoms or complications from the virus (Dkt. No. 61, at 4).  Mr. Bauer maintains that he received no medical attention for four days while suffering from the virus, despite requesting such care, and he represents as a lingering condition that he has not regained his sense of smell or taste (Dkt. No. 62, at 2).  The Court recognizes Mr. Bauer's circumstances and concerns.   However, these circumstances and concerns, taken alone or together, do not present "extraordinary and compelling" reasons for release.

Mr. Bauer meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record.  Mr. Bauer does not argue that he meets either of these requirements.

Even if Mr. Bauer could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.  Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Bauer,

and protecting the public from additional crimes by Mr. Bauer.  *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).  The Court has considered Mr. Bauer's past criminal history, including but not limited to his history of domestic violence and controlled substance offenses (Dkt. No. 61, at 2-3).  When he engaged in this offense, Mr. Bauer was on parole for a prior state offense and had a search waiver on file (*Id.* at 1-2).  While on pretrial release for this offense, Mr. Bauer failed to comply with all Court-ordered conditions imposed (*Id.* at 6-7).  Based on these events, when given the opportunity to do so in the past, Mr. Bauer has failed to conform his conduct to what the law requires.  The Court is sympathetic to the circumstances of Mr. Bauer's family, but those circumstances do not dictate granting his motion for compassionate release.  Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

### III.   Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Bauer's motion for compassionate release (Dkt. No. 58).

So ordered this 8th day of October, 2020.

*Kristine G. Baker*
Kristine G Baker
United States District Judge